IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FRANCOIS JOHNSON,

      Plaintiff,

vs.                                     No. 08-2052-B/V

CARGILL, INC., et al.,

      Defendants.

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO PAY THE CIVIL FILING FEE

---

On January 14, 2008, Plaintiff, Francois Johnson, and
eight other individuals filed a pro se complaint pursuant to, inter
alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e
et seq., and 42 U.S.C. § 1981. (Docket Entry ("D.E.") 1, which was
filed as case number 08-2015-B/V (W.D. Tenn.)). The Court issued an
order on January 29, 2008 that, inter alia, severed the actions and
directed the Clerk to open a new civil action for each plaintiff.
(D.E. 2 at 2.) The Court also directed eight plaintiffs, including
Plaintiff Johnson, "to immediately pay the $350 filing fee or file
an application to proceed in forma pauperis in their individual
cases upon receipt of their new docket numbers." (Id. at 3.)
Johnson filed a motion for leave to proceed in forma pauperis on
February 14, 2008. (D.E. 3.)

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee" of $350. 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis standing must respond fully to the questions on the Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Flippin v. Coburn, 107 F. App'x 520 (6th Cir. 2004); Reynolds v. Federal Bur. of Prisons, 30 F. App'x 574 (6th Cir. 2002); Broque v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

The information set forth in Plaintiff's in forma pauperis affidavit does not satisfy his burden of demonstrating that he is unable to pay the filing fee or give security therefor. Instead, the affidavit demonstrates that Plaintiff and his wife are gainfully employed, have no extraordinary expenses, and have a monthly income that exceeds their reasonable monthly expenses. Therefore, the motion to proceed in forma pauperis is DENIED.

Plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to pay the $350 civil filing fee. Failure timely to comply with this order will result in dismissal of this

action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 21st day of February, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE